AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

 ☑ Original    ☐ Duplicate


**CLERK'S OFFICE**
**A TRUE COPY**
**May 07, 2026**
**s/ MMK**
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)* )<br>information associated with a certain cellular telephone assigned call )<br>number 414-326-5598, with International Mobile Subscriber )<br>Identity/Electronic Serial Number 310260609466111 and 310260498912684 )<br>("the ACCOUNT"), that is stored at premises controlled by T-Mobile )<br>) | Case No.     26-MJ-67 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before      05/21/2026      *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Honorable William E. Duffin      .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      05/07/2026 at 10:00 a.m.          *William E. Duffin*
                                                                                                   *Judge's signature*

City and state:          Milwaukee, WI              Honorable William E. Duffin, U.S. Magistrate Judge
                                                                                    *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

<u>**ATTACHMENT A**</u>

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number **414-326-5598**, with International Mobile Subscriber Identity/Electronic Serial Number 310260609466111 and 310260498912684 ("the ACCOUNT"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

YOU ARE THEREFORE COMMANDED TO SEARCH FOR THE FOLLOWING PROPERTY:

All records associated with mobile number **414-326-5598** for the dates of **February 29, 2024 to January 17, 2026**.

*If the number is not associated with a subscriber on your network you are ordered to process this request as a "Call and Text to Destination" search that is to include all calls, text, text message content, voicemails, and cell-site and sector information related to each call or text.

This request includes:

**Specialized Location Records**: All call, voice, text (SMS & MMS), and data connection location information and transactions (registration of network events), related to all specialized carrier records that may be referred to as LOCDBOR (Location Database of Record), Historical Precision Location Information, Historical Mobile Locate (HML), vMLC (Virtual Mobile Locate - vLMC3, vMLC4, vMLC5), NELOS (Network Event Location System), RTT (Round Trip Time/Return Trip Time/Real Time Tool), PCMD (Per Call Measurement Data), TDOA (Time Difference of Arrival) or Timing Advance Information, Mediation Records, E9-1-1, and/or Historical GPS/Mobile Locate Information which shows GPS location (longitude and latitude)

8

and Cell-Site and sector of the device in relationship to the network when connected to the network for the above referenced number.

**Call/Text/Data Detail Records:** All records associated with the identified mobile number **414-326-5598**, also to include all numbers that communicate with this listed number relating to all delivered and undelivered inbound and outbound calls, text messages, and text message content to any of the above listed numbers, all voice mail, and all data connections from 2/29/2024 through 1/17/2026 and to include Cell-site and sector, date, time, direction, duration, number called or text to and/or received from, and bytes up/down, information related to each call, text or data connection, all text message content, and voicemails, as well as Call to Destination/Dialed Digits search for all numbers listed above. Please preserve all cell-site and sector information related to each call, text or data connections.

**FCC TRACED Act STIR/SHAKEN Authentication Standard:** All records associated with the identified mobile number **414-326-5598**, related to the FCC TRACED (Telephone Robocall Abuse Criminal Enforcement and Deterrence) Act, STIR/SHAKEN caller identification framework, identifying all incoming Voice, Text Message Service (SMS) and Multi-Media Service (MMS) traffic, and whether or not the caller ID passed or failed authentication. The report shall include the date, time (with time zone), originating and terminating numbers in their original state prior to Stir/Shaken authentication, the status whether it passed or failed authentication, the Attestation type, and the originating and terminating verified number that was used to validate Stir/Shaken Caller ID authentication. The report shall provide all usage events, even if the incoming usage event was blocked and flagged by the service provider (or other third-party entities), prior to delivery to the identified target mobile number.

**Time on Tower and/or Sector:** Also provide all cell-site and sector information related to each number called to and/or received from, and data connections, specific to the "Time on Tower" and/or Sector, to include information with the start and end date and time for each time the connection was involved in a "hand-off" to another cell-site and/or sector, to include the elapsed time (in seconds) for each "hand-off", that was used during and throughout each voice call (whether completed or not), and/or which was used during and throughout each data session.

9

**Electronically Stored Records:** All records associated with the identified mobile number **414-326-5598**, to include all stored communication or files, including voice mail, text messages, including numbers texted to and received from and all related content, e-mail, digital images (e.g. pictures), contact lists, video calling, web activity (name of web site or application visited or accessed), domain accessed, data connections (to include Internet Service Providers (ISPs), Internet protocol (IP) addresses, (IP) Session data, (IP) Destination Data, bookmarks, data sessions, name of web sites and/or applications accessed), date and time when all web sites, applications, and/or third party applications were accessed and the duration of each web site, application, and/or third party application was accessed, and any other files including all cell site and sector information associated with each connection and/or record associated with the cell number identified as: **414-326-5598**.

Carrier Key related to call detail, text messages, data connections, IP logs, IP Sessions, web site and/or application connections, and cell site information. The "carrier key" is a legend related to the types of responsive data received from the service provider, which contain the record column header labels and their definitions of what each cell value represents in the spreadsheet. Carrier keys are required to decipher what the values represent in these cells, as many of these values may be presented in codes only known to the service provider.

**Cloud Storage:** Content stored in remote storage or 'cloud accounts' associated with the target device including, but not limited to, contacts, call logs, SMS and MMS messages with associated content including audio, video, and image files, digital images and videos, and files or documents.

**Cell Site List(s):** List of all cell-sites on file with T-Mobile as recently as 1/17/2026 for all state(s) in which the above records used cell locations. Cell site lists to include switch, cell-site number, name, physical address, longitude and latitude, all sectors associated with each cell-site, azimuth, and beam-width of each related sector. If multiple technologies (CDMA, UMTS, GSM, LTE etc.) are referenced in the records, all appropriate corresponding cell site lists will also be provided.

**Subscriber Records:** All information for the following mobile number **414-326-5598** including:

All Subscriber information to include name, tax identification number (social security number or employer identification number).

Physical address, mailing addresses, residential addresses, business addresses, e-mail addresses and any other address information.

Credit information obtained or used by the company to grant account status.

All numbers associated with account.

Billing records.

All payments to include method, date and time of payments, and location (store name, address, and phone number of location where payment(s) were made).

All Authorized users on the associated account.

Activation date and termination date of each device associated with the account and above listed number(s).

Types of service subscriber utilized..

Make, model, serial number, IMEI, ESN, MEID, and MAC address associated with the above listed numbers including any and all equipment or sim card changes for the life of the account.

All customer service and account notes.

Any and all number and/or account number changes prior to and after the cell number was activated.

Any other records and other evidence relating to phone number **414-326-5598**.

11

Such records and other evidence include correspondence and other records of contact by any person or entity about the above-referenced account(s), the content and connection logs associated with or relating to postings, communications and any other activities to or through the above referenced phone numbers, whether such records or other evidence are in electronic or other form.

12

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f)[3], the Provider is required to disclose to the government the following information pertaining to the ACCOUNT listed in Attachment A for the time period **February 29, 2024 through January 17, 2026**:

    a. The following information about the customers or subscribers of the ACCOUNT:

        i. Names (including subscriber names, usernames, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

---

[3] On March 11, 2026, this Affiant submitted a preservation request for the cell-site information requested in this search warrant. The T-Mobile tracking ID for this preservation request is 2026-0113518.

13

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the ACCOUNT, including:

i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1343 ("Wire Fraud") involving Chrisen Russell and others known and unknown to this investigation during the period **February 29, 2024, through January 17, 2026**.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

14



**CLERK'S OFFICE**
**A TRUE COPY**
**May 07, 2026**
**s/ MMK**
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>information associated with a certain cellular telephone assigned call number 414-326-5598, with International Mobile Subscriber Identity/Electronic Serial Numbers 310260609466111 and 310260498912684 ("the ACCOUNT"), that is stored at premises controlled by T-Mobile | )<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No.      26-MJ-67 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 1343 | Wire Fraud |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Michael Waugh
Digitally signed by Michael Waugh
Date: 2026.05.06 08:47:17 -05'00'

*Applicant's signature*

Michael Waugh, U.S. Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone                                *(specify reliable electronic means).*

Date:     05/07/2026

William E. Duffin

*Judge's signature*

City and state:    Milwaukee, WI          Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF**</u>
<u>**AN APPLICATION FOR A SEARCH WARRANT**</u>

I, Michael Waugh, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.     I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 414-326-5598, with International Mobile Subscriber Identity/Electronic Serial Number 310260609466111 and 310260498912684 ("the ACCOUNT"), that is stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.     I am a U.S. Postal Inspector with the U.S. Postal Inspection Service, Chicago Division, and have been since July 27, 2026. As part of my duties as a Postal Inspector, I investigate criminal violations related to mail, wire, and bank fraud involving the U.S. Mail. Prior to my current position, I was employed as a Special Agent with the U.S. Department of Labor, Office of Inspector General, Office of Investigations from July 2010 through April 2018. Additionally, from April 2018 through July 2026, I was employed as a Special Agent and Assistant Special Agent-in-Charge for the U.S. Agency for International Development, Office of Inspector General, Office of Investigations. I have graduated from the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC). During my

CITP training, I received specialized training in criminal investigations and prosecutions generally, and in the enforcement of criminal fraud laws specifically. I have participated in the execution of multiple federal search warrants throughout my career.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1343 (Wire Fraud) have been committed by Chrisen Russell and other subjects known and unknown to this investigation. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

<u>**PROBABLE CAUSE**</u>

5. In about September 2025, this Affiant became aware of a possible elder financial exploitation, in the form of a fraudulent lottery scheme, allegedly perpetrated by Chrisen Russell ("Subject"). Lottery fraud schemes involve criminal acts of deception designed to steal money or personal information from victims by fraudulently representing to the victim that they have won the lottery. Once the fraudster convinces the victim that he or she is a lottery winner, the fraudster then convinces the victim that in order to "unlock" or "claim" their prize, they must pay certain taxes, processing fees, or other charges upfront.

6. In this case, several banks reported that Russell's accounts had received payments in the form of cashier's checks in large, round figures, remitted by Victim A. Victim A's own bank reported large, out-of-pattern cashier's check activity by the victim to Russell, with whom

2

the bank could not determine a legitimate relationship with Victim A. In one reported instance, bank staff confronted Victim A's spouse, Victim B, while she was trying to take cash advances, reporting work had been done on her house. When questioned about cashier's checks going out of state for this purpose, Victim B left her bank card in the machine and departed the bank.

7. Since receiving this information, this Affiant has reviewed bank account records from multiple financial institutions relative to several accounts held by Russell. They revealed the following relevant information:

a. **JP Morgan Chase**: Russell is the sole account holder for JP Morgan Chase ("Chase") checking account ending in 6736. Chase records reviewed by this Affiant show that beginning on or about August 8, 2023, and continuing through March 31, 2025, this account received approximately $273,500 in deposits from cashier's checks remitted by either Victim A or Victim B.

b. **U.S. Bank**: Russell is also the sole account holder for U.S. Bank checking account ending 8592. U.S. Bank records reviewed by this Affiant show that deposits of cashier's checks from Victim A were made into this account on about September 8, 2025, November 4, 2025, and December 8, 2025, in the amounts of $5,000, $7,000 and $6,000, respectively. Each check was endorsed with the name "Chrisen Russell[1]."

8. This Affiant and another federal law enforcement officer interviewed Victim A on February 24, 2026. Victim A reported he knew Russell to be the "Treasurer" of a "Mega Millions" lottery from Florida. Victim A reported to agents that a male who identified himself as "Andrew Goldberg" (phonetic spelling) initially contacted Victim A by phone to inform him of

---

[1] Bank surveillance footage was not available at the location(s) used to make these deposits. Accordingly, investigators were unable to ascertain the individual(s) who made these deposits.

the lottery. When asked by the interviewing agents how he supposedly enrolled in this lottery, Victim A reported he had been told his enrollment was based on purchases he had made at stores like Walmart and Target. After initial contact, Victim A was subsequently instructed to send funds to Russell for the purpose of fees and taxes before the lottery could pay out. "Goldberg" instructed Victim A as to where to send funds, and Victim A began sending funds via Federal Express (FedEx) to an address(es) in the Milwaukee, Wisconsin area. Victim A informed agents he has yet to receive any prize money.

9.      During this same interview, Victim A informed agents he spoke with Russell directly on the phone on several occasions. He did not provide the agents with a phone number that he used to reach Russell, or a number Russell had called him from. However, following the interview with Victim A, agents subpoenaed and reviewed phone records for the ACCOUNT, and other records associated with Russell. The T-Mobile production of records for the ACCOUNT shows that the account was a pre-paid account that did not list a subscriber by name. However, for the following reasons, this Affiant believes the ACCOUNT number belonged to Russell during the relevant period of the scheme:

a.      This Affiant reviewed recorded phone calls from U.S. Bank relative to the account held in Russell's name (account ending 8592). During one of the calls, in January 2024, Russell identified herself by name to the bank representative. She called about external transfers to an account outside of U.S. Bank. During the call, Russell stated the outside account is held with Chase (where Russell was known to bank at the time). During a later call to U.S. Bank, placed on October 13, 2025, Russell was asked to verbally verify the last four digits of her cell phone number. She responded "5 – 5 – 9 – 8" (the last four digits of the ACCOUNT number).

4

b. This Affiant also reviewed records subpoenaed from Zelle. Those records indicate the ACCOUNT was on file with Zelle as a "RECIPIENT TOKEN" for Russell.

10. The ACCOUNT records, provided by T-Mobile[2] and reviewed by this Affiant, show extensive calls back and forth with Victims A and B. Specifically, T-Mobile records show that from about May 10, 2024 through about September 23, 2025, the ACCOUNT had approximately 808 calls completed with the victims at their various phone numbers, known to this investigation through record checks and interviews of the victims' adult daughter.

11. Agents believe Russell may be residing in Jamaica as of the date of this writing. For example, U.S. Department of Labor records show that Russell was in the U.S. beginning about June 5, 2023, on an Exchange Visitor ("J1") work visa that expired after four months. The last border crossing record held by the U.S. Department of Homeland Security shows Russell last left the U.S. on about July 23, 2024, and has reportedly not returned. However, U.S. Bank records show banking activity in the U.S., including check deposits at automated teller machines (ATMs), through about December 8, 2025. U.S Bank records show specifically that on December 8, 2025, a check containing Victim A's name was deposited at an ATM in Milwaukee, Wisconsin, the same area where Russell was last known to have resided in the U.S. Additionally, the ACCOUNT appeared active through mid-October 2025. Thus, by comparing border crossing records with phone and banking activity, it is unclear at this time whether Russell controlled the ACCOUNT through its subscription period with T-Mobile (ending October 17, 2025), or whether she resided in the United States through the subscription period of the ACCOUNT. This Affiant recently spoke with representatives from T-Mobile who informed

---

[2] Because this was a pre-paid account, T-Mobile was only able to provide call and text message records going back two years from the date of the subpoena, so beginning February 29, 2024.

5

him that by obtaining cell-site information, such as the information specified in Attachment B, the Affiant will be able to tell the approximate location of the ACCOUNT user during relevant calls captured during the subscription period between February 29, 2024, and January 17, 2026. Obtaining cell phone tower records for the ACCOUNT will help determine whether Russell continued to reside in the U.S. through the end of the phone subscription period, whether she used the phone on "roaming" status to place calls from Jamaica or elsewhere overseas, or whether Russell had a possible co-conspirator controlling the ACCOUNT from within the U.S.

12. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

13. Based on my training and experience, I know that T-Mobile can collect cell-site data about the ACCOUNT. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in

6

their normal course of business in order to use this information for various business-related purposes. On March 11, 2026, this Affiant submitted a preservation request to T-Mobile for cell-site data applicable to the ACCOUNT and believes the information identified in Attachment B will be available following the submission of a proper legal order.

14. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the ACCOUNT's user or users and may assist in the identification of co-conspirators and/or victims.

**AUTHORIZATION REQUEST**

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

16. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

7

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number **414-326-5598**, with International Mobile Subscriber Identity/Electronic Serial Number 310260609466111 and 310260498912684 ("the ACCOUNT"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

YOU ARE THEREFORE COMMANDED TO SEARCH FOR THE FOLLOWING PROPERTY:

All records associated with mobile number **414-326-5598** for the dates of **February 29, 2024 to January 17, 2026**.

*If the number is not associated with a subscriber on your network you are ordered to process this request as a "Call and Text to Destination" search that is to include all calls, text, text message content, voicemails, and cell-site and sector information related to each call or text.

This request includes:

**Specialized Location Records**: All call, voice, text (SMS & MMS), and data connection location information and transactions (registration of network events), related to all specialized carrier records that may be referred to as LOCDBOR (Location Database of Record), Historical Precision Location Information, Historical Mobile Locate (HML), vMLC (Virtual Mobile Locate - vLMC3, vMLC4, vMLC5), NELOS (Network Event Location System), RTT (Round Trip Time/Return Trip Time/Real Time Tool), PCMD (Per Call Measurement Data), TDOA (Time Difference of Arrival) or Timing Advance Information, Mediation Records, E9-1-1, and/or Historical GPS/Mobile Locate Information which shows GPS location (longitude and latitude)

8

and Cell-Site and sector of the device in relationship to the network when connected to the network for the above referenced number.

**Call/Text/Data Detail Records:** All records associated with the identified mobile number **414-326-5598**, also to include all numbers that communicate with this listed number relating to all delivered and undelivered inbound and outbound calls, text messages, and text message content to any of the above listed numbers, all voice mail, and all data connections from 2/29/2024 through 1/17/2026 and to include Cell-site and sector, date, time, direction, duration, number called or text to and/or received from, and bytes up/down, information related to each call, text or data connection, all text message content, and voicemails, as well as Call to Destination/Dialed Digits search for all numbers listed above. Please preserve all cell-site and sector information related to each call, text or data connections.

**FCC TRACED Act STIR/SHAKEN Authentication Standard:** All records associated with the identified mobile number **414-326-5598**, related to the FCC TRACED (Telephone Robocall Abuse Criminal Enforcement and Deterrence) Act, STIR/SHAKEN caller identification framework, identifying all incoming Voice, Text Message Service (SMS) and Multi-Media Service (MMS) traffic, and whether or not the caller ID passed or failed authentication. The report shall include the date, time (with time zone), originating and terminating numbers in their original state prior to Stir/Shaken authentication, the status whether it passed or failed authentication, the Attestation type, and the originating and terminating verified number that was used to validate Stir/Shaken Caller ID authentication. The report shall provide all usage events, even if the incoming usage event was blocked and flagged by the service provider (or other third-party entities), prior to delivery to the identified target mobile number.

**Time on Tower and/or Sector:** Also provide all cell-site and sector information related to each number called to and/or received from, and data connections, specific to the "Time on Tower" and/or Sector, to include information with the start and end date and time for each time the connection was involved in a "hand-off" to another cell-site and/or sector, to include the elapsed time (in seconds) for each "hand-off", that was used during and throughout each voice call (whether completed or not), and/or which was used during and throughout each data session.

9

**Electronically Stored Records:** All records associated with the identified mobile number **414-326-5598**, to include all stored communication or files, including voice mail, text messages, including numbers texted to and received from and all related content, e-mail, digital images (e.g. pictures), contact lists, video calling, web activity (name of web site or application visited or accessed), domain accessed, data connections (to include Internet Service Providers (ISPs), Internet protocol (IP) addresses, (IP) Session data, (IP) Destination Data, bookmarks, data sessions, name of web sites and/or applications accessed), date and time when all web sites, applications, and/or third party applications were accessed and the duration of each web site, application, and/or third party application was accessed, and any other files including all cell site and sector information associated with each connection and/or record associated with the cell number identified as: **414-326-5598**.

Carrier Key related to call detail, text messages, data connections, IP logs, IP Sessions, web site and/or application connections, and cell site information. The "carrier key" is a legend related to the types of responsive data received from the service provider, which contain the record column header labels and their definitions of what each cell value represents in the spreadsheet. Carrier keys are required to decipher what the values represent in these cells, as many of these values may be presented in codes only known to the service provider.

**Cloud Storage:** Content stored in remote storage or 'cloud accounts' associated with the target device including, but not limited to, contacts, call logs, SMS and MMS messages with associated content including audio, video, and image files, digital images and videos, and files or documents.

**Cell Site List(s):** List of all cell-sites on file with T-Mobile as recently as 1/17/2026 for all state(s) in which the above records used cell locations. Cell site lists to include switch, cell-site number, name, physical address, longitude and latitude, all sectors associated with each cell-site, azimuth, and beam-width of each related sector. If multiple technologies (CDMA, UMTS, GSM, LTE etc.) are referenced in the records, all appropriate corresponding cell site lists will also be provided.

10

**Subscriber Records:** All information for the following mobile number **414-326-5598** including:

All Subscriber information to include name, tax identification number (social security number or employer identification number).

Physical address, mailing addresses, residential addresses, business addresses, e-mail addresses and any other address information.

Credit information obtained or used by the company to grant account status.

All numbers associated with account.

Billing records.

All payments to include method, date and time of payments, and location (store name, address, and phone number of location where payment(s) were made).

All Authorized users on the associated account.

Activation date and termination date of each device associated with the account and above listed number(s).

Types of service subscriber utilized..

Make, model, serial number, IMEI, ESN, MEID, and MAC address associated with the above listed numbers including any and all equipment or sim card changes for the life of the account.

All customer service and account notes.

Any and all number and/or account number changes prior to and after the cell number was activated.

Any other records and other evidence relating to phone number **414-326-5598**.

11

Such records and other evidence include correspondence and other records of contact by any person or entity about the above-referenced account(s), the content and connection logs associated with or relating to postings, communications and any other activities to or through the above referenced phone numbers, whether such records or other evidence are in electronic or other form.

12

**ATTACHMENT B**

**Particular Things to be Seized**

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f)[3], the Provider is required to disclose to the government the following information pertaining to the ACCOUNT listed in Attachment A for the time period **February 29, 2024 through January 17, 2026**:

    a. The following information about the customers or subscribers of the ACCOUNT:

        i. Names (including subscriber names, usernames, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

---

[3] On March 11, 2026, this Affiant submitted a preservation request for the cell-site information requested in this search warrant. The T-Mobile tracking ID for this preservation request is 2026-0113518.

13

vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the ACCOUNT, including:

i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

ii.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1343 ("Wire Fraud") involving Chrisen Russell and others known and unknown to this investigation during the period **February 29, 2024, through January 17, 2026**.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

14

<u>**CERTIFICATE OF AUTHENTICITY OF DOMESTIC**</u>
<u>**RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE**</u>
<u>**902(11) AND 902(13)**</u>

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by **T-Mobile**, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of **T-Mobile**.  The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **T-Mobile**, and they were made by **T-Mobile** as a regular practice; and

b.      such records were generated by **T-Mobile's** electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **T-Mobile** in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by **T-Mobile**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                              Signature

2